STATE, APPELLANT, v. MIDDLETON, RESPONDENT.

[Submitted June 15, 1893.  Decided October 2, 1893.]

COSTS IN CRIMINAL CASE—*County attorney's fees.*—The fees allowed a county attorney by the act of March 14, 1889, for drawing an information and for the trial of a case are not now taxable against a defendant, such fees being no longer payable either to the county attorney, by reason of that officer's compensation being limited to a salary by the act of March 6, 1891, or to the county treasurer, by reason of county attorneys being omitted from the requirement of the latter act that fees collected by sheriffs and other named officers be paid into the county treasury.

*Appeal from Fifth Judicial District, Beaverhead County.*

Conviction for practicing medicine without a certificate from the board of medical examiners.   Defendant's motion to retax costs was granted by GALBRAITH, J.   Affirmed.

Statement of the case by the justice delivering the opinion.

This is an appeal by the state on the question of law reserved.   (Crim. Proc. Act., § 396.)   Defendant pleaded guilty on an information charging him with practicing medicine without a certificate from the state board of medical examiners.   He was sentenced by the court to pay a fine of $100 and costs.   The county attorney filed a memorandum of costs, which included, among other items, a fee for the county attorney for drawing the information of $5, and also a fee for the trial of the case, $20.   The defendant moved to retax the costs, objecting to the items of the county attorney's fees above mentioned.   This motion was granted, and from this order and the question of law reserved the state appeals.

Under the act of March 14, 1889 (16 Sess. Laws, p. 147), the county attorney received his compensation by salary and fees.   In first-class counties he received a salary of $800, in second-class counties of $600 per annum.   (Act March 14, 1889, § 3; 16 Sess. Laws, p. 149.)   In addition to these salaries, all county attorneys received certain fees for particular services, providing, however, that their total compensation (salary and fees) should not exceed $3,000 per annum. (Act March 14, 1889, § 9; 16 Sess. Laws, p. 150.)   Later, and after the admission of the state to the union (November 8, 1889) was enacted the salary law of March 6, 1891.   (2 Sess.

Laws, p. 235.)   Section 1 of that act provides that the fees, costs, percentages, penalties, allowances, and all other perquisites, of whatever kind, which by law any sheriff, treasurer, county clerk, and recorder, clerk, or deputy clerk of the district court, assessor, county superintendent of common schools, is authorized to receive for any official service, shall be by him turned into the county treasury, and shall be the property of the county.   Section 3 of the act provides "that the said officers named in section 1 of this act shall each be allowed to receive, as annual compensation for their services as officers of their respective counties, by classes, as follows."   Then follows a list of the county officers and their compensation in the counties of the different classes.   In this list are found county attorneys, with a salary of $2,500, in the first-class counties; $1,500 in the second-class counties; and $1,200 in the third-class counties.

The act further provides: "It being the intent and meaning of this act to limit the maximum actual [annual?] compensation from all sources of the officers named under this act, to the sums named in this section."

The position of the state on this appeal is that although the county attorney does not receive the fees, as under the law of March 14, 1889, for his own compensation, yet that he is allowed to tax them up in the judgment against a convicted defendant, and is required to collect them and turn them into the county treasury.

*Henri J. Haskell,* attorney general, and *H. J. Burleigh,* for the state, Appellant.

DE WITT, J.—It is not claimed that the county attorney has now any right to tax up costs under the law of March 14, 1889, as a compensation for himself.   It is conceded that his salary is his full and only compensation.   But the state contends on this appeal that the county attorney should tax costs, as provided in the law of 1889, against a convicted defendant for the benefit of the state, and that said costs should be collected for the state.   We cannot agree to this view.   Sections 8 and 9 of the law of 1889 provide the compensation of county

attorneys. The county paid this by way of salary and fees, and those fees in a particular case were taxed as costs against the defendant convicted in that case. Then came the act of 1891, and provided another and different compensation for the county attorneys, to wit, a salary alone, and which was to be, and is now, his only compensation. (2 Sess. Laws, § 3, p. 237.) So the act of 1889 was swept away, as providing compensation for county attorneys, and the act of 1891 took its place. Therefore, there is now no law for taxing and collecting these fees for the county attorney himself, and there was no law for taxing these fees for the benefit of, and paying them into, the county treasury; for section 1 of the act of March 6, 1891, provides for the payment into the county treasury of the fees collected by sheriffs, treasurers, and other officers, naming them, but the section omits to mention county attorneys. Therefore, this seems to be the result. As the fees mentioned in section 9, act March 14, 1889, are collectible and payable neither to the county attorney nor to the county treasurer they are not taxable against the defendant. The judgment of the district court is affirmed.

The chief justice and HARWOOD, J., concur.